## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SANDRA DIANE VALENTINE, | ) | CASE NO. 305-11561 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| THOMAS J. LASALLE, JR., AND | ) | ADV. NO. 305-0873A |
| PAULA W. LASALLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA DIANE VALENTINE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

### MEMORANDUM OPINION

_____

This matter is before the Court upon the parties' cross-motions for summary judgment.[1] For the following reasons, the Court finds that the plaintiffs' motion for summary

---

[1] The debtor's motion is actually titled Motion for Judgment on the Pleadings or for Summary Judgment.

judgment should be denied in full and the debtor's motion for summary judgment should be granted in part and denied in part.

## I. BACKGROUND

The plaintiffs filed this adversary to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). The material facts are as follows.

The charter for the debtor's corporation, National Tile & Stone Co., Inc. (hereinafter "National Tile"), was revoked on December 17, 2004, and never reinstated. The doors of the business closed between June 5 and 9, 2005. National Tile filed its Chapter 7 bankruptcy petition on June 16, 2005, and the debtor filed her personal bankruptcy petition on September 21, 2005. The debtor was a 50% owner, officer, and director of National Tile.

The plaintiffs paid deposits to National Tile in the amounts of $15,000 on February 26, 2005, and $29,500 on May 20, 2005. The parties dispute whether the first deposit was for cabinets or to hold granite slabs from the debtor's supplier, Nashville Granite & Marble.

From September 2004 through May 2005, National Tile was marketed for sale as a whole and as two separate divisions. There is a factual dispute as to whether the plaintiffs' job could be completed if the divisions of National Tile were sold separately.

2 - U.S. Bankruptcy Court, M.D. Tenn.

## II. STANDARDS FOR DISPOSITIVE MOTIONS

In reviewing a motion for judgment on the pleadings, this Court must construe the complaint in the light most favorable to the plaintiffs, accept all factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. ***Meador v. Cabinet for Human Res.***, 902 F.2d 474, 475 (6th Cir. 1990). When matters outside the pleadings are considered, the motion should be treated as a summary judgment motion. *See* Fed. R. Bankr. P. 7012(b).

Regarding motions for summary judgment, Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and/or discovery materials which demonstrate that there is no genuine disputed issue of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets that initial burden, the burden is shifted to the nonmoving party to go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and/or admissions, designate specific facts showing that a genuine issue of fact does remain for trial. ***Id.; see also Klepper v. First Am. Bank***,

916 F.2d 337, 342 (6th Cir. 1990) (nonmoving party "must show sufficient evidence to create a genuine issue of material fact" to prevail).

### III. DISCUSSION

#### A. 11 U.S.C. § 523(a)(2)(A)

The first issue is whether, as a matter of law, the plaintiffs can support a cause of action under 11 U.S.C. § 523(a)(2)(A), which denies discharge of a debt:

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement *respecting the debtor's or an insider's financial condition*.

(Emphasis added). Under 11 U.S.C. § 523(a)(2)(A), the plaintiffs must prove:

> the debtor obtained money though a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The [plaintiff] must also prove the debtor's intent to deceive. Moreover, the [plaintiff] must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of the loss.

*Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 961 (6th Cir. 1993) (citations omitted); *see also Everwed Co. v. Ayers (In re Ayers)*, 25 B.R. 762, 772 (Bankr. M.D. Tenn. 1982).

The debtor makes two arguments for summary judgment on the plaintiffs' allegations under 11 U.S.C. § 523(a)(2)(A). First, the debtor submits that the basis for the plaintiffs' argument is that the debtor made false oral statements regarding her "financial condition," and therefore, cannot support an action under 11 U.S.C. § 523(a)(2)(A). Second, the debtor

asserts that the plaintiffs cannot show the requisite intent. Specifically, the debtor submits in her brief that based on her affidavit and the course of events, "[t]here is no amount of circumstantial evidence . . . which could rebut a finding that the Debtor was acting in good faith, with complete confidence that the company could perform its contracts, and with no clue that the disasters of early June were about to drop."

The plaintiffs, on the other hand, assert that the record establishes as a matter of law that the debts are nondischargeable under 11 U.S.C. § 523(a)(2)(A).

The Court finds that the debtor is entitled to summary judgment relief to the extent that the plaintiffs are in fact asserting false statements that relate to the debtor's financial condition as such statements are not actionable under 11 U.S.C. § 523(a)(2)(A).

In determining the meaning of 11 U.S.C. § 523(a)(2)(A), the Court must read it in conjunction with 11 U.S.C. § 523(a)(2)(B), which applies to written false statements regarding the debtor's financial condition. The language of 11 U.S.C. § 523(a)(2)(A) specifically excludes statements "respecting the debtor's or an insider's financial condition," and the language of 11 U.S.C. § 523(a)(2)(B) specifically includes statements respecting the debtor's financial condition, but only where those statements are in writing. With this in mind, the Court must now determine whether statements were made and whether those

statements fall within the limiting language, "respecting the debtor's or an insider's financial condition."

The difficult question is whether statements or deliberate nondisclosures concern the debtor's or an insider's financial condition. To make this determination, the Court adopts the approach taken by the court in ***Armbrustmacher v. Redburn (In re Redburn),*** 202 B.R. 917 (Bankr. W.D. Mich. 1996). The court in ***In re Redburn*** not only focused on the nature of the oral statement but also upon the intended purpose of the statement to determine if it was a statement "respecting the debtor's or an insider's financial condition." ***Id.*** at 928. The debtor-investor in ***In re Redburn*** made oral statements regarding assets he was going to contribute to a corporation. Assuming the statements were made, the court held that false statements that the debtor owned the assets, or owned the assets free and clear, fell within the definition of "respecting the debtor's or an insider's financial condition" because it was "information a potential lender or investor would generally consider before investing." ***Id.***

In the present case, the plaintiffs allege that the debtor failed to disclose that her business was insolvent and unable to pay its debts as they matured, that three lawsuits were pending against her company, or that her company was delinquent on paying taxes and rent. The plaintiffs further allege that the debtor made representations that her business was a multi-million dollar company that owned over $1,000,000 of equipment. Even if the Court

accepts the plaintiffs' allegations regarding these statements, they would not be entitled to relief as a matter of law because all of these oral statements are about the debtor's financial condition and the intent was to present a picture of the debtor's financial condition. Accordingly, the debtor is entitled to summary judgment on these claims.

However, other assertions by the plaintiffs are not about the debtor's financial condition, and these allegations are neither precluded nor conclusive as a matter of law. Specifically, there are disputes of material fact as to whether the debtor misrepresented the purpose of the initial $15,000 deposit and whether the debtor misrepresented her intent and ability to complete the work if the business was sold as two separate entities. These alleged misrepresentations are not regarding the debtor's financial condition. Moreover, the Court finds that the debtor's intent is not clear from the record, and the circumstances surrounding the allegations raise a material question of fact. Accordingly, to the extent that the plaintiffs are asserting false statements ***not*** related to the debtor's financial condition, summary judgment is denied to both parties.

### B.  11 U.S.C. § 523(a)(4)

Finally, the parties seek summary judgment on the plaintiffs' claim that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

11 U.S.C. § 523(a)(4) provides that a discharge can be denied for a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Sixth

7 - U.S. Bankruptcy Court, M.D. Tenn.

Circuit has defined "defalcation" to encompass embezzlement and misappropriation by a fiduciary, as well as the "failure to properly account for such funds." *Capitol Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.),* 760 F.2d 121, 125 (6th Cir. 1985). In order to find a debt nondischargeable under 11 U.S.C. § 523(a)(4) due to defalcation, the plaintiffs must show by a preponderance of the evidence the following: (1) a pre-existing fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss. *R.E. America, Inc. v. Garver (In re Garver),* 116 F.3d 176, 178 (6th Cir. 1997).

Here, the plaintiffs, as a matter of law, cannot show that a fiduciary relationship existed between the parties, and therefore, the plaintiffs cannot support their claim, as a matter of law, under 11 U.S.C. § 523(a)(4).

The term "fiduciary relationship," for purposes of 11 U.S.C. § 523(a)(4), is determined by federal law and is more narrowly construed than in other circumstances. *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 251 (6th Cir. 1982). In *In re Interstate Agency*, 760 F.2d 121, the Sixth Circuit defined defalcation as "encompassing embezzlement, the 'misappropriation of trust funds held in any fiduciary capacity,' and the 'failure to properly account for such funds.'" *Id.* at 125 (citations omitted). Such a fiduciary relationship must turn on the existence of a pre-existing express or technical trust whose res

encompasses the property at issue. ***Commonwealth Land Title Co. v. Blaszak (In re Blaszak)***, 397 F.3d 386, 391 (6th Cir. 2005)*; see also In re Garver*, 116 F.3d 176, 180. A constructive trust that a court may impose as an equitable remedy is insufficient. ***In re Blaszak***, 397 F.3d at 391. In other words, "[t]he mere failure to meet an obligation while acting in a fiduciary capacity simply does not rise to the level of defalcation." ***In re Garver***, 116 F.3d at 179 (attorney-client relationship).

In the present case, the plaintiffs assert that by taking their deposits, the debtor, as an owner, officer, and director of the corporation, created a trust. At best, there was a constructive trust, which is insufficient under 11 U.S.C. § 523(a)(4). ***In re Blaszak***, 397 F.3d. 386, 391. Accordingly, the debtor is entitled to summary judgment on this assertion.

## IV. **CONCLUSION**

For the foregoing reasons, the Court finds that the plaintiffs' motion for summary judgment should be denied in full and that the debtor's motion for summary judgment should be granted in part and denied in part.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**