**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SANDRA DIANE VALENTINE, | ) | CASE NO. 305-11561 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| THOMAS J. LASALLE, JR., AND | ) | ADV. NO. 305-0873A |
| PAULA W. LASALLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA DIANE VALENTINE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

**MEMORANDUM OPINION**
_____

This matter is before the Court upon the plaintiffs' adversary complaint seeking a determination of dischargeability of their claim against the debtor pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). Previously, this Court granted summary judgment to the debtor on the plaintiffs' 11 U.S.C. § 523(a)(4) claim as well as the plaintiffs' 11 U.S.C.

§ 523(a)(2)(A) claim, to the extent that this claim was based on oral statements (or non-statements) regarding the debtor's financial condition.[1]

A trial was held on the remaining 11 U.S.C. § 523(a)(2)(A) claim, and based on the testimony and exhibits introduced in the plaintiffs' case-in-chief, the Court finds that the debtor is entitled to a directed verdict. The following represents the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## I. <u>BACKGROUND</u>

The plaintiffs entered into an agreement with the debtor for National Tile & Stone Co., Inc. (hereinafter "National Tile") to do countertops and cabinets in their new home. Mrs. LaSalle met with the debtor on February 26, 2005, and made a $15,000 deposit to National Tile. The plaintiffs testified that this deposit was to be used to purchase specific slabs of granite from Nashville Granite & Marble and held for future use in the plaintiffs' home. The plaintiffs further testified that they met with the debtor on May 20, 2005, to discuss a package deal on the countertops and cabinets. That date, the plaintiffs made a second deposit to National Tile in the amount of $29,500. The plaintiffs testified that this second deposit was for cabinets. When the plaintiffs gave the debtor this second deposit,

---

[1] At trial, the plaintiffs argued that this Court's previous opinion did not preclude them from establishing their claim under 11 U.S.C. § 523(a)(2)(A) by presenting proof of "non-statements" regarding the debtor's financial condition. The Court allowed proof to be presented and reserved its interpretation of the previous opinion. The issue will be discussed later in this Memorandum Opinion.

2 - U.S. Bankruptcy Court, M.D. Tenn.

they asked the debtor not to take their money if there was any reason that she could not finish the work.

During the time when the debtor was working with the plaintiffs, National Tile was being marketed for sale as a whole and as two separate divisions: granite and cabinets. The plaintiffs testified that the debtor never told them that National Tile was up for sale or that it was being marketed as two separate divisions. National Tile closed its doors between June 5 and June 9, 2005. National Tile filed its Chapter 7 bankruptcy petition on June 16, 2005, and the debtor filed her personal bankruptcy petition on September 21, 2005.

## II. DISCUSSION

### A. NON-STATEMENTS UNDER 11 U.S.C. § 523(a)(2)(A)

At trial, the plaintiffs asserted that this Court's earlier Memorandum Opinion did not preclude them from presenting proof of the debtor's nondisclosure of National Tile's financial condition in support of their claim under 11 U.S.C. § 523(a)(2)(A). Upon review of this Court's earlier opinion, as well as the opinion in *Armbrustmacher v. Redburn (In re Redburn)*, 202 B.R. 917 (Bankr. W.D. Mich. 1996), the Court again finds that oral statements and non-statements regarding a debtor's financial condition are not covered by 11 U.S.C. § 523(a)(2)(A).

The Court does not question that nondisclosures or "silent" fraud can be nondischargeable under 11 U.S.C. § 523(a)(2)(A). *See Rochester Hills Chrysler Plymouth v. Phillips (In re Phillips)*, 153 B.R. 758, 761 (Bankr. E.D. Mich. 1993) ("silent" fraud must be accompanied by a duty to disclose to be nondischargeable under 11 U.S.C. § 523(a)(2)(A)); *Booher v. Telmark, LLC (In re Booher)*, 284 B.R. 191, 204 (Bankr. W.D. Pa. 2002) (same). However, the restriction respecting financial condition must apply equally to oral statements and non-statements or "silent" fraud. To hold otherwise would negate the distinction between 11 U.S.C. §§ 523(a)(2)(A) and (B).

### B. MOTION FOR DIRECTED VERDICT

At the close of the plaintiffs' proof, the debtor requested that the Court grant a directed verdict, asserting that the plaintiffs failed to present a prima facie case. The Court reserved ruling on this request as allowed by Fed. R. Civ. P. 52(c), made applicable to adversary proceedings by Fed. R. Bankr. P. 7052. *See Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Constr. Corp.*, 13 F.3d 253, 257 (7th Cir. 1994) (trial court's sound discretion to reserve ruling on Rule 52(c) motion).

Pursuant to Fed. R. Civ. P. 52(c):

If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable

> finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

Relief under Rule 52(c) is appropriate in an exception to discharge adversary proceeding where the plaintiff fails to establish the prima facie evidence necessary to prove the non-dischargeable nature of a debt. ***Ingham County v. Strojny (In re Strojny),*** 337 B.R. 150, 155-56 (Bankr. W.D. Mich. 2006). Thus, to defeat the debtor's oral motion for a directed verdict, the record as of the close of the plaintiffs' case-in-chief must establish a prima facie case under 11 U.S.C. § 523(a)(2)(A). ***Bankers Trust Co., N.A. v. Hoover (In re Hoover),*** 301 B.R. 38, 46 (Bankr. S.D. Iowa 2003). Here, the plaintiffs failed to prove all necessary elements of their 11 U.S.C. § 523(a)(2)(A) claim. In particular, the Court finds that the plaintiffs failed to show the debtor's intent to deceive. Therefore, it is proper for this Court to grant the debtor's motion for a directed verdict.

### C. <u>INTENT UNDER 11 U.S.C. § 523(a)(2)(A)</u>

Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge shall be denied where a debt is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Accordingly, in order for the plaintiffs to prevail, they needed to show:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Serv., Inc. (In re Rembert)*, 141 F.3d. 277, 280-81 (6th Cir. 1998) (footnote and citations omitted). Each element must be proven by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

Intent is a key element of 11 U.S.C. § 523(a)(2)(A), and the plaintiffs had the burden to show by a preponderance of the evidence the debtor's intent to deceive. *See In re Strojny*, 337 B.R. 150, 156-57 (debtor entitled to judgment on partial pleadings where plaintiff failed to show intent to deceive). The intent to deceive may be inferred from a false representation which the debtor knows or should know will induce another to advance money. *Rezin v. Barr (In re Barr)*, 194 B.R. 1009, 1020 (Bankr. N.D. Ill. 1996). Intent can also be established by circumstantial evidence. *Haeske v. Arlington (In re Arlington)*, 192 B.R. 494, 498 (Bankr. N.D. Ill. 1996) (citations omitted). Without proof of intent at the time the deposits were taken, the breach of the agreement to perform in the future is not enough. *In re Barr*, 194 B.R. at 1018 (mere breach of sales contract and construction agreement does not establish misrepresentation at time debtor entered into contract). *See also Capital Chevrolet v. Bullock (In re Bullock)*, 317 B.R. 885, 889 (Bankr. M.D. Ala. 2004) (representations as to future intentions or promises to perform in future generally do not give

rise to actual fraud, unless debtor did not intend to fulfill promise at time of making) (citations omitted).

While the plaintiffs were credible witnesses, there was, unfortunately, nothing in the plaintiffs' proof that would demonstrate an intent to defraud under 11 U.S.C. § 523(a)(2)(A). At best, the proof from the plaintiffs' case-in-chief showed a misunderstanding regarding the purpose of the deposits and/or a breach of the agreement to perform future services.

The plaintiffs' testimony and the exhibits introduced by the plaintiffs presented contradictory opinions regarding the purpose of the $15,000 deposit as well as the debtor's knowledge of her ability to complete the job at the time the deposits were taken. The plaintiffs testified that the $15,000 deposit, given on February 26, 2005, was for granite. Whereas, the debtor's answers to interrogatories consistently aver that this deposit was for cabinetry work. Moreover, the written quote from that date does not mention granite. Instead, it only contains information regarding cabinet specifications and prices, and the plaintiffs could not explain this inconsistency. Based on the proof presented in the plaintiffs' case-in-chief, the Court cannot determine whether the dispute regarding the purpose of the $15,000 deposit is anything other than a misunderstanding between the parties. Nor does the record include anything that would show this Court the debtor intended to deceive the plaintiffs about National Tile's ability to complete the job at the time the debtor took the deposits. Even if this Court were to consider non-statements regarding the debtor's financial

condition, National Tile's cash flow problems and the debtor's attempts to market the business as two separate divisions do not in and of themselves demonstrate the debtor intended to defraud the plaintiffs.

Because the plaintiffs failed to demonstrate the debtor's intent to deceive, a key element of their claim, it is unnecessary for this Court to address the other elements of 11 U.S.C. § 523(a)(2)(A).

### III. CONCLUSION

The plaintiffs failed to demonstrate, by a preponderance of the evidence, that the debt in question is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Accordingly, the Court finds that the debtor is entitled to a directed verdict and that the plaintiffs' claim is dischargeable.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**